MacGREGOR MEDICAL ASSOCIATION,
Petitioner,

v.

Margaret A. CAMPBELL, Individually
and as Executrix of the Estate of
Danny M. Campbell, Respondent.

No. 97–0638.

Supreme Court of Texas.

Oct. 29, 1998.

Rehearing Overruled March 11, 1999.

John B. Wallace, Houston, for petitioner.

Kevin H. Dubose, Paul S. Jacobs, John L. Barnes, Houston, for respondent.

PER CURIAM.

In this case, we must determine whether certain negligence, Deceptive Trade Practices Act, breach of contract, and breach of warranty claims are barred by the Medical Liability and Insurance Improvement Act (article 4590i). We hold that they are barred, and accordingly, we affirm in part and reverse in part the judgment of the court of appeals and render judgment for MacGregor.

While at work in April 1988, Margaret Campbell's husband, Danny, became violently ill after ingesting Kool–Aid contaminated with formaldehyde. Campbell picked him up from work and took him to the MacGregor Medical Clinic, which was an authorized medical provider under her husband's employer-provided health care plan. The Campbells informed clinic personnel that Campbell's husband had ingested some kind of poison, that he was vomiting, and that he was quite ill. After approximately 45 minutes, he was seen by an internist, Dr. Arnold Berlin. Dr. Berlin concluded that Campbell's husband had ingested formaldehyde but assumed that he had vomited all of it out of his system. Dr. Berlin did not pump his stomach, perform a blood test to determine the level of formaldehyde contamination, or treat him

with activated charcoal. Dr. Berlin gave him Maalox and told him that everything would be fine. Dr. Berlin then released Campbell's husband and told him to continue taking Maalox if he experienced pain.

Danny Campbell continued to experience severe problems with his stomach. After approximately eight months, he consulted another physician. In August 1989, after two unsuccessful stomach surgeries, his stomach was completely removed. In December 1990, the Campbells sued Dr. Berlin and MacGregor, alleging negligence, DTPA violations, breach of contract, and breach of warranty. Danny Campbell died two weeks later, and Margaret Campbell, both individually and on behalf of her husband, pursued the lawsuit, eventually nonsuiting Dr. Berlin.

MacGregor filed a motion for summary judgment, alleging that the two-year statute of limitations in article 4590i barred Campbell's claims. The trial court granted summary judgment for MacGregor without specifying the grounds, and Campbell appealed. After holding that article 4590i applied to MacGregor, the court of appeals concluded that section 12.01 of article 4590i did not bar Campbell's DTPA claim and that, while section 10.01 of article 4590i barred Campbell's negligence claim, it did not bar the breach of contract and breach of warranty claims. 966 S.W.2d 538, 542–44.

As a threshold issue, we agree with the court of appeals that excluding professional associations of physicians from article 4590i protections would thwart express legislative intent. See 966 S.W.2d at 542. Were we to adopt Campbell's proposed interpretation of article 4590i, the statute's protections would extend to physicians who practice but not to physicians who practice as a group. Such a reading is inconsistent with the legislative intent expressed in section 1.02. Having concluded that article 4590i applies, we also agree with the court of appeals that Campbell's negligence claim is barred by article 4590i's statute of limitations. But we disagree with the court of appeals' conclusion that article 4590i does not bar Campbell's DTPA, breach of contract, and breach of warranty claims.

■ Article 4590i bars DTPA claims based on negligence:

Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business & Commerce Code [the DTPA], shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 12.01(a) (Vernon Supp.1998). Thus, to the extent that Campbell's DTPA claim is based on MacGregor's negligence, it is expressly barred by section 12.01.

■ This Court has distinguished DTPA claims based on negligence from other DTPA claims. In *Sorokolit v. Rhodes,* 889 S.W.2d 239 (Tex.1994), we held that

[t]here can be no DTPA claim against a physician for damages for personal injury or death if the damages result, or are alleged to result, from the physician's negligence; however, if the alleged DTPA claim is not based on the physician's breach of the accepted standard of medical care, section 12.01(a) does not preclude suit for violation of the DTPA.

*Id.* at 242. To determine whether a DTPA claim is based on negligence, the focus should not be merely on the plaintiff's pleadings. Rather, "the underlying nature of the claim determines whether section 12.01(a) prevents suit for violation of the DTPA. Claims that a physician *or health care provider* was negligent may not be recast as DTPA actions to avoid the standards set forth in the Medical Liability and Insurance Improvement Act." *Id.*

In *Sorokolit,* we held that the DTPA claim was not barred, reasoning that when Dr. Sorokolit guaranteed that, following breast surgery, the patient's breasts would look just like a picture she had selected, he "knowingly breached his express warranty of a particular result and knowingly misrepresented his skills and the results he could achieve" and that the DTPA claim did not require "a determination of whether a physician failed to meet the standard of medical care." *Id.* at 242.

Since *Sorokolit,* this Court has applied the *Sorokolit* analysis twice. In *Gormley v. Stover,* 907 S.W.2d 448 (Tex.1995), we held that the DTPA claims were "nothing more than an attempt to recast Stover's malpractice claim as a DTPA action" because the alleged misrepresentations supporting the DTPA claim were based on whether the dentist met the standard of care. *Id.* at 450. And in *Walden v. Jeffery,* 907 S.W.2d 446 (Tex.1995), we held that a negligence claim had been improperly recast as a DTPA claim because the allegation that the dentist provided ill-fitting dentures could not be anything other than an allegation that he was negligent. *Id.* at 448; *see also Mulligan v. Beverly Enters.-Tex. Inc.,* 954 S.W.2d 881, 884 (Tex.App.—Houston [14th Dist.] 1997, no writ) (holding that DTPA claim based on nursing home's alleged misrepresentations to "take good care" of the patient was merely an attempt to recast a negligence claim); *Waters ex rel. Walton v. Del–Ky, Inc.,* 844 S.W.2d 250, 258 (Tex.App.—Dallas 1992, no writ) (holding that DTPA express warranty claim based on nursing home's representations that it would provide adequate and proper supervised care and comply with state health standards was merely a negligence claim based on deviations from the accepted standard of care).

■ In this case, Campbell alleges that MacGregor represented—both verbally and in its HMO marketing materials—that it would provide "qualified personnel and resources," "the best health services possible," and emergency service "24 hours a day, even in a distant city." Campbell also alleges that although "it was obvious that [her husband] was extremely ill and needed immediate attention ... it took almost one hour before [he] was seen by a physician." Finally, Campbell alleges that MacGregor failed "to advise [the Campbells] of the possible complications in regard to ingesting formaldehyde" and misrepresented "that Danny Campbell was medically fine" and needed only Maalox for his stomach.

These allegations are unlike those in *Sorokolit,* in which the doctor specifically guaranteed and warranted a particular result. Instead, they are more akin to the claims

made in *Gormley,* 907 S.W.2d at 450, *Walden,* 907 S.W.2d at 448, *Mulligan,* 954 S.W.2d at 884, and *Waters,* 844 S.W.2d at 258. The essence of Campbell's DTPA claim is that MacGregor failed to provide quality medical care as promised in its HMO literature. To successfully prove this claim, Campbell must prove a breach of the applicable standard of care for health care providers. Article 4590i, *Sorokolit,* and its progeny prohibit the assertion of this DTPA claim.

■ Under a similar analysis, the two-year statute of limitations in article 4590i bars Campbell's breach of contract and warranty claims because they are based on departures from accepted standards of medical care. Under Article 4590i's statute of limitations,

> no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.1998). Article 4590i defines a "health care liability claim" as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient." *Id.* § 1.03(a)(4). Thus, because Campbell's breach of contract and breach of warranty claims are likewise predicated on a departure from the accepted standards of medical care, they are health care liability claims barred by the two-year statute of limitations.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 59.1, the Court grants both Campbell's and MacGregor's applications for writ of error, affirms in part and reverses in part the judgment of the court of appeals, and renders judgment for MacGregor.