CONCURRING OPINION


No. 04-01-00764-CV


Pearl TREVIÑO, individually and as next friend of Roman Ramos, a minor child,

Appellants


v.


CHRISTUS SANTA ROSA HEALTHCARE Corporation and Nichola Harlan, R.N.,

Appellees


From the 225th Judicial District Court, Bexar County, Texas

Trial Court No. 99-CI-09070

Honorable John J. Specia Jr., Judge Presiding


Opinion by: Alma L. López, Justice

Concurring opinion by: Sandee Bryan Marion, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: October 30, 2002



 I concur with the majority's affirming the trial court's judgment; however, I respectfully
disagree with the majority's conclusion that the factual allegations underlying Treviño's common law
fraud claim are not a recast negligence claim. I would hold that her common law fraud claim is really
a negligence claim within the ambit of the Medical Liability and Insurance Improvement Act
("MLIIA").

 A plaintiff may bring a common law fraud claim that is not governed by the MLIIA; Savage
v. Psychiatric Inst. of Bedford, Inc., 965 S.W.2d 745, 751 (Tex. App.--Fort Worth 1998, pet.
denied); however, plaintiffs may not recast claims that a health care provider was negligent as a fraud
claim to avoid the standards set forth in the MLIIA. The MLIIA applies only to "health care liability
claims," which are defined as follows:

 a cause of action against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care or
health care or safety which proximately results in injury to or death of the patient,
whether the patient's claim or cause of action sounds in tort or contract. 

 

Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(4). 

 A cause of action will be considered a health care liability claim if it is based on a breach of
a standard of care applicable to health care providers. Sorokolit v. Rhodes, 889 S.W.2d 239, 242
(Tex. 1994). The act or omission complained of must be an inseparable part of the rendition of
medical services. See Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995); Drury v. Baptist
Memorial Hosp. Sys., 933 S.W.2d 668, 676 (Tex. App.--San Antonio 1996, writ denied). To
determine whether a cause of action fits this definition, we must look at the underlying nature of the
claim. MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38, 40 (Tex. 1998); Sorokolit, 889 S.W.2d
at 242. We should examine whether the claim involves the diagnosis, care, or treatment of the
patient, and whether expert testimony would be required to prove the alleged negligence. Rogers v.
Crossroads Nursing Serv., Inc., 13 S.W.3d 417, 419 (Tex. App.--Corpus Christi 1999, no pet.).

 In her petition, Treviño alleged she relied on Santa Rosa's representations that she could
present herself as a patient in the event she needed emergency medical care and she would receive
the care she needed when she went to Santa Rosa's emergency room. She contended she did not
receive the care as represented to her. At trial, Treviño alleged that because of Harlan's
misrepresentation: "I will be over there in a little bit," her child was born in a public restroom. I
believe the underlying nature of Treviño's complaint is that she did not receive the medical treatment
promised by either Santa Rosa or Harlan, which in turn, gives rise to a claim that Harlan and Santa
Rosa breached a standard of medical care. Because Treviño's claim arises from medical care she
allegedly should have had, but did not receive, her claim is governed by the MLIIA. As such, she was
required to present expert testimony on the applicable standard of care, the manner in which the care
failed to meet that standard, and the causal relationship between that failure and the claimed injury.
Because she failed to do so, I would hold that a directed verdict was proper. In all other respects,
I concur in the majority's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH