MEMORANDUM OPINION

No. 04-04-00550-CV

Wayne BROWN,
Appellant

v.

Harrison BOWES M.D.,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-13930
Honorable Lori D. Massey, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 6, 2005

AFFIRMED
            Wayne Brown appeals the trial court’s order dismissing his DTPA claim against Harrison
Bowes M.D. for failure to file an expert report.


 Because the issue in this appeal involves the
application of well-settled principles of law, we affirm the trial court’s judgment in this
memorandum opinion. See Tex. R. App. P. 47.4.
            Bowes performed two eye surgeries on Brown. Brown sued Bowes alleging he negligently
performed the surgeries. Brown also alleged violations of the DTPA based on Bowes’s “false
assurances that the precautionary measures [Bowes] had previously indicated to [Brown] were
necessary to perform the medical treatment safely were not necessary to [Bowes’s] success in the
second procedure.” Brown stated he relied on these “false assurances” in deciding to undergo the
second procedure.
            DTPA claims based on negligence are barred by statute, and claims that a health care
provider was negligent may not be recast as DTPA claims. See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.004 (Vernon 2004-2005); see also MacGregor Medical Ass’n v. Campbell, 985 S.W.2d 38, 40
(Tex. 1998). To determine whether a DTPA claim is based on negligence, the focus should not be
merely on the plaintiff’s pleadings but on the underlying nature of the claim. MacGregor Medical
Ass’n, 985 S.W.2d at 40. 
            Brown’s claim that Bowes falsely assured him that precautionary measures would be taken 
in order to safely perform the surgery relates to the manner in which Bowes chose to perform the
procedure. The gist of Brown’s claim, therefore, is that he was injured because Bowes failed to
adhere to the applicable standard of care by not undertaking the precautionary measures necessary
for the surgery to be safely performed. See Earle v. Ratliff, 998 S.W.2d 882, 893 (Tex. 1999)
(holding negligence claim could not be recast by claiming defendant misrepresented need for surgery
or degree of success); Gomez v. Diaz, 57 S.W.3d 573, 580 (Tex. App.—Corpus Christi 2001, no
pet.) (holding complaint that defendant misrepresented that a service had particular qualities was a
negligence claim). Therefore, Brown’s DTPA claim is essentially a negligence claim, and the trial
court did not err in dismissing the claim.
Alma L. López, Chief Justice