ACCEPTED
000000
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/24/2015 3:43:33 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00267-CV

NO._____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 3:43:33 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS

FOR THE ___First___ JUDICIAL DISTRICT OF TEXAS

AT HOUSTON

IN RE SOLID SOFTWARE SOLUTIONS, INC., d/b/a EDIBLE SOFTWARE

Original Proceeding from the 215th Judicial District
Of Harris County, Texas
Trial Court Cause No. 2013-74668

**RELATOR SOLID SOFTWARE SOLUTIONS INC. d/b/a EDIBLE
SOFTWARE' S PETITION FOR WRIT OF MANDAMUS**

Gregg M. Rosenberg
Texas State Bar No. 17268750
Tracey D. Lewis
Texas State Bar No. 24090230
ROSENBERG SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
Telephone (713) 960-8300
Facsimile (713) 621-6670
gregg@rosenberglaw.com

*Attorneys for Relators*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all parties, and the names and addresses of all trial and appellate counsel:

Relators:

Solid Software Solutions Inc., d/b/a Edible Software

*Appellate and Trial Counsel for Relators:*

Gregg M. Rosenberg
gregg@rosenberglaw.com
Texas State Bar No. 17268750
Tracey D. Lewis
tracey@rosenberglaw.com
Texas State Bar No. 24090230
ROSENBERG SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
Telephone (713) 960-8300
Facsimile (713) 621-6670

Respondent:

The Honorable Elaine H. Palmer

Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
Telephone: (713) 368-6330

<u>Real Party in Interest</u>
Plaintiff Andrea Farmer

*Trial Counsel for Real Party in Interest:*

Mr. Jeffrey N. Todd
312 S. Friendswood Drive
Friendswood, Texas 77546
(Telephone) (281) 992-8633
(Facsimile) (281) 648-8633

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL        ii**

STATEMENT OF THE CASE................................................................................ viii

STATEMENT OF JURISDICTION.................................................................... ix

ISSUES PRESENTED.........................................................................................1

STATEMENT OF FACTS ...................................................................................4

ARGUMENT ......................................................................................................6

   Mandamus Relief is Appropriate to Correct Respondent's Abuse of .....................

   Discretion in this Case. .................................................................................6

   a.  Relator's liability for the unwanted sexual touching of Real Party in Interest, by Andrea Farmer is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment .............................................8


CONCLUSION…………………………………………………………………...20

PRAYER ...........................................................................................................21

APPENDIX

     December 13, 2013 Plaintiff's Original Petition………………………Tab A

     January 16, 2015 Defendants' OriginalAnswer……………………… Tab B

     Defendant's Motion to Dismiss Or, Alternatively Traditional
     Motion for Summary Judgment………………………………………Tab C

     Plaintiff's Response to Defenants' Motion to Dismiss Or,
     Alternatively Traditional Motion for Summary Judgment……………Tab D

     Defendants' Reply to Plaintiff's Response to Defendants' Motion
     To Dismiss Or, Alternatively Traditional Motion for Summary
     Judgment……………………………………………………………Tab E

     Order Denying Defendant's Motion to Dismiss Or, Alternatively
     Traditional Motion for Summary Judgment…………………………Tab F

**TABLE OF AUTHORITIES**

**Cases**

Bruce v. Jim Walters Homes, Inc., 943 S.W.2d 121 (Tex. App.-San Antonio 1997, writ denied) ................................................................................................ xii

Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998) .........................................13

Calvert v. Brachfeld Law Grp., P.C., No. CIV.A. H-12-3683, 2013 WL 1289394, (S.D. Tex. Mar. 26, 2013) .................................................................................20

Cash Am. Int'l Inc. v. Bennett, 35 S.W.3d 12 (Tex. 2000) .................................... xii

City of Houston v. Fletcher, 166 S.W.3d 479 (Tex. App.- Eastland 2005, pet. denied) ...............................................................................................................14

City of Laredo v. Negrete, No. 04-08-00737-CV, 2010 WL 454921 (Tex. App. – San Antonio, Feb. 10, 2010, reh'g denied) ........................................................14

Coppedge v. Colonial Sav. & Loan Ass'n, 721 S.W.2d 933 (Tex. App.-Dallas 1986, writ ref'd n.r.e) ....................................................................................... xii

Denson v. BeavEx Inc., Civ. A. No. H-13-1493, 2014 WL 3543718 (S.D. Tex. July 17, 2014) ...........................................................................................................17

Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842 (Tex.2005)( r'hrg denied) ......................................................................................................... xi, xiii

Dorn Hecker v. Malibu Grand Prix Corp., 828 F.2d 307, (5th Cir. 1987) .............12

Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000) ..................................... xii

Fredericksen v. Halliburton Co., No. H-10-1892, 2011 WL 1232991 (S.D. Tex. Mar. 31, 2011)................................................................................................18

Garcia v. Shell Oil Co., 355 S.W.3d 768 (Tex. App. – Houston [1st Dist.] 2011, no pet.) ............................................................................................3, 13

Gormley v. Stover, 907 S.W.2d 448 (Tex.1995)......................................................xi

Granger v. Aarons, Inc., 636 F.3d 708 (5th Cir. 2011) ...........................................7

Harvill v. Westward Communications, L.L.C., 433 F.3d 428 (5th Cir. 2005). 11, 14

In re Crawford & Co., et. al., No. 14-0256, 2015 WL 859087 (Tex. Feb. 27, 2015) .................................................................................................x,xi, xiii

In re Noble Drilling (Jim Thompson), LLC, 449 S.W.3d 625, 630 (Tex. App. – Houston [1st Dist.] 2014, no pet............................................................................8

In re United Servs. Auto. Ass'n, 307 S.W.3d 299, 314 (Tex. 2010, r'hrg denied)..x, xi, 6

Johnson v. Select Energy Servs., L.L.C., No. H-11-3486, 2013 WL 5425115 (S.D. Tex. Sept. 24, 2013)....................................................................................7

MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38 (Tex.1998)(r'hrg overruled) ..............................................................................................xi, xiii

Pruitt v. International Ass'n of Fire Fighters, 366 S.W.3d 740 (Tex. App. – Texarkana 2012, no pet.) ........................................................................ 16, 17

Rodriguez v. City of Houston, 250 F. Supp.2d 691 (S.D. Tex. 2003) ...................11

Rowe v. Sullivan, 967 F.2d 186 (5th Cir.1992)......................................................7

Sauceda v. University of Texas at Brownsville, 958 F.Supp.2d 761 (S.D. Tex. 2013

.................................................................................................................8

Sorokolit v. Rhodes, 889 S.W.2d 239 (Tex.1994)(r'hrg overruled) ................ xi, xiii

Taylor v. United Parcel Serv., Inc., 554 F.3d 510 (5th Cir. 2008) ...........................7

Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351 (Tex. 2004) .......... xi

Vance v. Ball State Univ., 133 S. Ct. 2434 (2013)................................................10

Waffle House, Inc. v. Williams, 313 S.W.3d 796, 808 (Tex. 2010) ............ x, xii, 13

Woldetadik v. 7-Eleven, Inc., 881 F.Supp.2d 738 (N.D. Tex. 2012)......................19

**Statutes**

42 U.S.C.A. § 2000e et seq...................................................................................13

Tex. Gov't Code §22.221.........................................................................................x

Tex. Lab. Code § 21.0015 et seq. .........................................................................13

Tex. Lab. Code §21.2585(d)(1) ..............................................................................3

**STATEMENT OF THE CASE**

*Nature of the*
*underlying case:*     The underlying case giving rise to this original proceeding is a lawsuit filed against Relator Solid Software Solutions, Inc. d/b/a Edible Software ("Edible" or "Relator") alleging assault and invasion of privacy by its former employee, Real Party In Interest, Andrea Farmer ("Farmer" or "Real Party").[1] The sole basis for this mandamus claim is that the common law assault and invasion of privacy claims brought against Edible are disguised claims of employment discrimination and the trial court cannot hear them because Farmer did not fulfill her mandatory requirement of first filing her claim with the Texas Workforce Commission – Human Rights Division ("TWC-CRD"). Though the Texas Supreme Court has held that the administrative filing is not a jurisdictional prerequisite, it is mandatory and cannot be circumvented by filing tort claims instead of claims under Section 21 of the Texas Labor Code.

*Respondent:*     The Honorable Elaine H. Palmer, 215th Judicial
District Court of Harris County, Texas.

*Respondent's action*
*from which relief*
*sought:*     This Mandamus action arises from Respondent's denying Relator's Motion to Dismiss (the claims brought against Edible) or in the alternative, Motion for Summary Judgment following a hearing on February 27, 2015. (Tab C).

*Orders at issue:*     Respondent's Order dated February 27, 2015 on Plaintiff's Motion to Dismiss or alternatively, Motion for Summary Judgment. (Tab F).

---

[1] Farmer also asserted a tort claim against Edible's Chief Executive Officer, Henri Morris but that claim is not part of this mandamus action.

**STATEMENT OF JURISDICTION**

Respondent's order denying Relator's Motion to Dismiss and for Summary Judgment is contrary to the holding of the Texas Supreme Court in *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 808 (Tex. 2010) which confirms that employees cannot circumvent the mandatory requirement that claims of employment discrimination be litigated under the parameters of the Texas Labor Code and not as common law torts. Because of this mandatory requirement, employees are precluded from asserting employment discrimination claims as common law torts without availing themselves to the exclusive remedies afforded by the Texas Labor Code.

This Court has jurisdiction pursuant to Tex. Gov't Code §22.221. This case is important to the jurisprudence of the state because it logically follows one recent Texas Supreme Court opinion, *In re*

*& Co., et. al.*, No. 14-0256, 2015 WL 859087 (Tex. Feb. 27, 2015) and one that preceded it by a few years, *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 314 (Tex. 2010, r'hrg denied).

In *Crawford*, the Supreme Court granted mandamus relief when a plaintiff attempted to "plead around" the requirements of the Workers Compensation Act to assert common law claims for negligence, gross negligence, breach of contract, quantum meruit and breach of the duty of good faith and fair dealing. The Supreme

Court noted its continued prohibition against allowing claimants to "recast claims to avoid statutory requirements or to qualify for statutory protections." *In re Crawford,* No. 14-0256, 2015 WL 589087, at *5.[2] "Recasting" is precisely what occurred here, though under a different statute.

Though *Crawford* was decided on jurisdictional grounds and the requirement that an aggrieved claimant in an employment discrimination claim must first administratively file her claim with the TWC-CRD has been held to be mandatory but not jurisdictional, the same logic applies and mandamus relief is appropriate given the importance of the issue. The Supreme Court recognized that although the exclusivity of a statutory remedy under the Labor Code is not as clear-cut as it is in a claim arising under the Worker's Compensation Act, it is fair to imply the exclusivity of the statutory scheme. *Waffle House,* 313 S.W.3d at 809.

There is a fine and almost non-existent line of distinction between a jurisdictional and a mandatory prerequisite. The Supreme Court has emphasized that a statutory requirement commanding action (in this case the filing of a claim for employment discrimination with the TWC-CRD) remains mandatory even if it

---

[2] For examples, the court cited to *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 851 (Tex.2005)( r'hrg denied) (focusing on the essence of plaintiff's claim and finding it had to meet MLIIA requirements)(citing *MacGregor Med. Ass'n v. Campbell,* 985 S.W.2d 38, 38 (Tex.1998)(r'hrg); *Gormley v. Stover,* 907 S.W.2d 448, 450 (Tex.1995) (per curiam) (finding that plaintiff's pleading was an attempt to recast malpractice claim as a DTPA action); *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994)(r'hrg overruled) (emphasizing that health care liability claim could not be re-cast as a different claim).

is not jurisdictional. *In re United Servs.,* 307 S.W.3d at 307 (citing *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex. 2004).

The Supreme Court has virtually eliminated the distinction between whether a requirement is jurisdictional or not by instead couching the question in the form of whether or not the plaintiff has a right to maintain the suit on the basis he is seeking to maintain it. Instead of this being a jurisdictional question, it simply boils down to the right of the plaintiff to obtain relief as opposed to the jurisdiction of the court to afford it. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76-77 (Tex. 2000.

Respondent's order denying the motion to dismiss and for summary judgment is also in direct conflict with the decision of the Texas Supreme Court in *Waffle House, Inc.* as subsequent Texas case law. In *Waffle House*, the Texas Supreme Court had previously confirmed the correlation between the exclusivity of the Workers Compensation Act and the TCHRA stating:

> The Workers Compensation Act discussed briefly above expressly provides that its remedies for injured workers are exclusive. The exclusivity of the statutory remedy is not as clear-cut in today's case because the TCHRA lacks an express exclusivity provision. However, the exclusivity of the statutory scheme can fairly be implied.

*Waffle House*, 313 S.W.3d at 809.[3]

---

[3] Footnote 66 of *Waffle House* is further instructive of the implication substantiating Relator's position. It reads… *See Cash Am. Int'l Inc. v. Bennett,* 35 S.W.3d 12, 16 (Tex. 2000) (citing *Bruce v. Jim Walters Homes, Inc.,* 943 S.W.2d 121, 122–23 (Tex. App.-San Antonio 1997, writ denied) for proposition that "a statute may be interpreted as abrogating a common-law principle only when its express terms or necessary implications clearly indicate the Legislature's intent to

Although the question here is not technically one of jurisdiction, the holding in *Crawford* is instructive as it relates to the exclusive jurisdiction of claims arising under the Workers Compensation Act. This case involves the exclusivity of the TCHRA in claims brought against employers based on actions covered by its statutory scheme. The Texas Supreme Court concluded in *Crawford* that the "[Division of Workers Compensation] has exclusive jurisdiction of [the plaintiff-employee's] claims against the [employer], we further conclude that [the employer] is entitled to mandamus relief." *In re Crawford,* 2015 WL 589087, at *6.[4] This Court has jurisdiction to exercise the same relief here. Relator respectfully asks this Court to correct an error of the lower court that is tantamount to an abuse of discretion, through granting its Petition for Writ of Mandamus and thus prevent the lower court from hearing the case as pled.

---

do so"; and quoting *Coppedge v. Colonial Sav. & Loan Ass'n,* 721 S.W.2d 933, 938 (Tex. App.-Dallas 1986, writ ref'd n.r.e), for proposition that repeal of a common-law remedy "by implication is disfavored and requires a clear repugnance between the common-law and statutory causes of action").

[4] For examples, the court cited to *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 851 (Tex.2005)( r'hrg denied) (focusing on the essence of plaintiff's claim and finding it had to meet MLIIA requirements)(citing *MacGregor Med. Ass'n v. Campbell,* 985 S.W.2d 38, 38 (Tex.1998)(r'hrg overruled) (per curiam) (finding that plaintiff's pleading was an attempt to recast malpractice claim as a DTPA action); *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (emphasizing that health care liability claim could not be re-cast as a different claim).

## ISSUES PRESENTED

Whether the Trial Court abused its discretion in denying Relator's Motion to Dismiss or alternatively, Motion for Summary Judgment when the Plaintiff failed to exhaust her administrative remedies available under the Texas Commission of Human Rights Act by recasting her claims asserting common law tort theories?

## INTRODUCTION

The underlying case is a disguised employment discrimination claim wherein the Real Party in Interest claims that she was sexually harassed by her supervisor, Henri Morris, Relator's Chief Executive Officer. Rather than first filing a claim alleging sexual harassment either with the United States Equal Employment Opportunity Commission ("EEOC") or the TWC-CRD she elected to only allege common law claims of assault and invasion of privacy against Relator. Because these claims are preempted by the Texas Labor Code and the filing of a charge of discrimination with the TWC-CRD is a mandatory prerequisite to bringing such a claim, it is not rightfully before the trial court. A plaintiff cannot disguise employment discrimination claims as tort claims as a means to circumvent the mandatory prerequisite. Relator therefore is requesting that this court grant

1

mandamus relief in that Respondent abused its discretion by failing either to grant summary judgment or to dismiss the case as to Relator.

Relator would be remiss and disingenuous with this court if it did not recognize and point out that the factual allegations in the underlying action are deplorable. Real Party in Interest has alleged that Relator's (now former) Chief Executive Officer, Henri Morris (not a party to this mandamus proceeding) engaged in the most egregious forms of sexual assault. As this court will see, in its review of the record provided, specifically the Motion to Dismiss and the corresponding response, Morris has pled guilty to a federal criminal charge of Aggravated Sexual Assault and at the time of the filing of this mandamus proceeding is awaiting sentencing before the Honorable United States District Judge, Melinda Harmon.

Real Party's argument to the trial court has been focused on the shock value of what has transpired, referring to Relator's attempt to dismiss as "delusional." Relator regrets what has transpired between Morris and the Real Party but the law does not provide her with the form of remedy that she is seeking against it, hence the filing of this mandamus petition.

One of the reasons that the Texas Supreme Court exercised mandamus jurisdiction in *United Services* was what it considered to be the importance of the matter. The court recognized that the Defendant had already been through one trial

2

and that it would be a waste of judicial resources to try another before the parties got to the judicial issue at hand. Relator takes the position that the importance of this matter on mandamus is parallel to that in *United Services.* If the Real Party had properly brought this suit under the Texas Labor Code, for sexual harassment, she would be subject to the statutory caps and limited in her potential recovery for compensatory and punitive damages.[5] Instead, under the common law theories she has sued under, there are no such caps. Given the nature of the claims being asserted, there is a very viable risk that a jury would assess significant damages against Relator. Relator will most certainly have an appellate remedy but would be compelled to post a potentially significant bond during the pendency of a subsequent appeal. Because the law of pre-emption is so clear, it would be a waste of judicial resources to have a trial before the legal issues of preclusion could be examined on appeal and the ramifications to the Relator would not be as severe as having to post what could amount to be a sizable bond.

---

[5] The TCHRA specifically states that "the sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses and the amount of punitive damages awarded under this section may not exceed, for each complainant: (1) $50,000 in the case of a respondent that has fewer than 101 employees…" Tex. Lab. Code §21.2585(d)(1); *see also Garcia v. Shell Oil Co.,* 355 S.W.3d 768, 777 (Tex. App. – Houston [1st Dist.] 2011, no pet. (citing Waffle House, 313 S.W.3d at 807)).

## STATEMENT OF FACTS

Relator, Solid Software Solutions, Inc., d/b/a Edible Software was the employer of Real Party in Interest Andrea Farmer from on or about May 2011 to August 2011. During her entire employment period, Farmer's supervisor was Henri Morris. She reported to him and he exercised management and control over her job duties. Farmer was informed during her initial interview with Edible that part of her job function would be to travel on business trips in order to attend trade shows and develop Edible's marketing and sales department. (Tab C, at p. 2-3).

Approximately two weeks into her employment with Edible, Farmer attended a business trip with her supervisor, Morris, to Pennsylvania, New York and New Jersey. (Tab C, at p 3). Farmer's allegations in this lawsuit, where she brings claims of assault and invasion of privacy against Edible, are based on the events that occurred exclusively during this business trip. She alleged that Morris was "sexually inappropriate" with her and that Morris had subjected her to sexually offensive and unwanted touching while on that business trip in addition to taking naked pictures of her without her consent. (Tab C, at p. 3-5). As part of her employment, Farmer went on a total of five business trips prior to her resignation. (Tab C, at p. 2-3 (citing Farmer Dep., at 52:2 -12).

At the time of the alleged incident in May 2011, Farmer believed that she had been physically and sexually violated and that her supervisor's behavior was

offensive. She testified that in May 2011 she was physically violated by Morris in a sexual nature on a trip that was a mandatory part of her employment. (Tab C, at p. 4 (citing Farmer Dep.)).

As a result of Morris' sexually inappropriate behavior, Farmer felt that she could not stand being around Morris whom she had to work with, as he was still her supervisor. She testified that she actively began looking for other employment in August 2011. (Tab (citing Farmer Dep., 133:21-134:10, Ex. A)). Farmer filed her lawsuit against Edible on December 13, 2013, claiming that Edible was "vicariously liable" for the actions of Morris, who at all times relevant to her claims was "acting within the scope of his employment" and "exercised control over [Farmer] by virtue of his managerial authority as President and CEO." (Tab A, at ¶11). Farmer was well aware of the incidents that formed the basis of her lawsuit against her former employer and the negative effects Morris' actions had on her employment as of May 2011. She took no legal action prior to her December 13, 2013 lawsuit initiated in state court and did not institute any administrative process to address any claim against Edible with either the Texas Workforce Commission and/or the Equal Employment Opportunity Commission.

**ARGUMENT**

**Mandamus Relief is Appropriate to Correct Respondent's Abuse of Discretion in this Case.**

The Texas Supreme Court recently found mandamus was appropriate to correct the erroneous denial of a motion for summary judgment. *In re United Servs.,* 307 S.W.3d at 299 (granting relief to enforce limitations after relator had already endured trial in incorrect jurisdiction). In the instant case, denying mandamus relief would thwart the legislative intent of the Texas Commission on Human Rights Act ("TCHRA") which mandates that claims brought by employees against employers for conduct that constitutes sexual harassment (essentially a subset of a gender discrimination claim) must be brought under the TCHRA statutory scheme for employer liability.

It is also required under the TCHRA, as a mandatory prerequisite, that such aggrieved individuals follow certain administrative procedures prior to filing suit in state court. Real Party in Interest filed tort claims against Relator for conduct of her former supervisor, Morris, claiming that he was "employed in a managerial capacity" by Relator, was "acting within the scope of his employment" and thus Relator is liable for his conduct against her. Not to minimize what happened to Real Party, but this is nothing more than an employment discrimination claim for sexual harassment (covered under the Labor Code) being recast as a tort claim

presumably because Real Party allowed the Labor Code's limitations period to lapse.[6]

As will be explained herein, the TCHRA is undoubtedly, by legislative intent, the statutory scheme promulgated for employer liability in this context. Relator argued to the Respondent in its Motion to Dismiss or alternatively Motion for Summary Judgment ("Motion") that due to the preemptive nature of the TCHRA, when a plaintiff attempts to avoid the statutory scheme by asserting common law claims against an employer and even further fails to adhere to the administrative requirements mandated by the TCHRA, the claims must be dismissed as a matter of law because the mandatory prerequisites had not been satisfied.

Respondent's Order Denying Relator's Motion under these circumstances is tantamount to an abuse of discretion in that the law requiring the administrative filing is mandatory prior to bringing suit for sexual harassment sounding claims. Relator respectfully requests that this court provide mandamus relief as the

---

[6] Conceivably Real Party could have filed her claim with the TWC-CRD after the 180 day limitations period expired by advancing an equitable tolling argument. It is undisputed that federal law provides that the 180 day filing period is subject to equitable tolling. *See Granger v. Aarons, Inc.,* 636 F.3d 708, 711 (5th Cir. 2011); *see also Taylor v. United Parcel Serv., Inc.,* 554 F.3d 510, 521 (5th Cir. 2008); *Johnson v. Select Energy Servs., L.L.C.*, No. H-11-3486, 2013 WL 5425115, at *3 (S.D. Tex. Sept. 24, 2013 (citing *Rowe v. Sullivan,* 967 F.2d 186, 192 (5th Cir.1992) (" '[E]quitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims.' ").

Respondent failed to dismiss this case where the Real Party did not adhere to the aforementioned statutory administrative prerequisites of the TCHRA applicable to her causes of action and seeks to cure such failure by simply asserting tort claims for the same conduct: an action the Texas Supreme Court has explicitly prohibited.

### a. Relator's liability for the unwanted sexual touching of Real Party in Interest, by Andrea Farmer is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment.

A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly failed to analyze the law correctly or apply the law correctly to the facts. *In re Noble Drilling (Jim Thompson), LLC,* 449 S.W.3d 625, 630 (Tex. App. – Houston [1st Dist.] 2014, no pet). It is Relator's contention that the denial of its Motion below, as to the claims asserted by Real Party against it constitutes such abuse.

"The TCHRA … established a 'comprehensive administrative review system,' under which the 'exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the TCHRA…TCHRA claims must generally be filed within a 180-day limitations period. This 180-day limitations period has been construed by a federal court as "mandatory and jurisdictional" under Texas law." *Sauceda v. University of Texas at Brownsville,* 958 F.Supp.2d 761, 766 (S.D. Tex. 2013). The issue here is not the existence of

8

the mandatory prerequisites but whether the TCHRA applied to the claims asserted against Relator in the first place. Relator will show herein that based on the clear language of the statute and its application within relevant case precedent, the factual basis for the claims brought against it by Real Party are undeniably within the purview of the TCHRA, triggering the TCHRA's mandatory prerequisites and preempting Real Party's common law claims. Real Party failed to bring a TCHRA claim and failed to adhere to any of the administrative prerequisites. Therefore, Relator respectfully requests that this Court provide relief from Respondent's erroneous denial of its Motion.

Real Party's common-law causes of action for assault and invasion of privacy are based on the same course of conduct as the statutory TCHRA cause of action for workplace sexual harassment. In *Waffle House*, the Texas Supreme Court held that if statutory and common-law causes of action are based on the same course of conduct, common-law recovery would, "undermine the limitations placed on the legislative remedy directed at the same conduct." *Waffle House,* 313 S.W.3d at 808. The Texas Supreme Court rejected common law causes of action where they would provide alternate remedies for the same conduct already addressed by the Legislature in the TCHRA.

In her Response to Relator's Motion below, Real Party asserted that the relevant actions occurred on "business-related trips" and that those trips "arose out

9

of Morris' capacity as President and CEO of Edible and the supervisor of [Farmer] and the company should be held liable for the intentionally tortious acts of its principal." (Tab D, at p. 3). The argument fails because the TCHRA is preemptive when the complained of common law claims are entwined with the complained-of harassment. *Waffle House,* 313 S.W.3d at 799.

There is no dispute in this case that Morris was Real Party's supervisor during her employment with Relator. (Tab D, at p. 3; Tab C, at p. 1; Tab A, at ¶11). Under the TCHRA, a plaintiff alleging a hostile work environment sexual harassment claim, where a supervisor inflicted the sexual harassment, must establish that (1) she belonged to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition, or privilege of employment. *Vance v. Ball State Univ.,* 133 S. Ct. 2434 (2013) (…when the harassment arises from a *supervisor's* conduct, the plaintiff does not have to prove the fifth element—that the employer was negligent; instead, "an employer may be *vicariously* liable for its employees' creation of a hostile work environment.").

As Relator stated in its Motion, "[C]ourts have traditionally defined "unwelcome sexual harassment" as "sexual advances, requests for sexual favors, and the other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited and is undesirable or offensive to the employee." (*See*

10

Def.'s M/MSJ, at p. 10); *see also Rodriguez v. City of Houston,* 250 F. Supp.2d 691, 699 (S.D. Tex. 2003). Real Party made no other argument as to the fact that Morris' actions did not fall under "unwelcome sexual harassment" that the TCHRA was designed to cover as to employer liability except to state that this was a "mischaracterization" of her claims and that it "would be laughable." (Tab D, at p. 30).

In reviewing Relator's Motion to Dismiss and Motion for Summary Judgment the Respondent ignored Relator's competent evidence and argument that the facts in this case squarely fall under the "unwelcome sexual harassment" covered by a TCHRA hostile work environment sexual harassment claim. The deliberate and unwanted touching of an employee's intimate body part can constitute severe sexual harassment. *Waffle House*, 313 S.W.3d at 808 ("[T]he unwanted sexual touching that underlies her negligence claim was assaultive because Williams regarded it as sexually inappropriate, provocative, and offensive—that is, because it amounted to sexual harassment made unlawful by the TCHRA."); see also *Harvill v. Westward Communications, L.L.C.,* 433 F.3d 428, 435 (5th Cir. 2005)

The physical and sexual violations Real Party complained about occurred on a business trip. (Tab C, at p. 4-5). In fact, Real Party went through great pains to alert the trial court as to Defendant Morris' Superseding Indictment and Plea

11

Agreement in the related criminal case. (Tab D, at pp. 4-5). She also made it a point as part of the "relevant facts" set forth in response to Relator's Motion that while she was on a business trip with Morris he:

- Massaged her neck and back which she told him made her uncomfortable. (Tab D, at p, 6).

- He held her hand which made her feel very uncomfortable. (Tab D, p. 6).

- That she felt physically violated in her private female regions (Tab D, p. 6).

- That she felt she had "been touched" in her female regions but not like she had been raped. (Tab D, p. 6).

As Relator explained in its Motion, and as is in line with Texas case law, this type of unwanted, inappropriate, offensive sexual touching by a supervisor on a business trip is covered under the TCHRA specifically to hold an employer liable for such egregious conduct of its employees. It does not matter that the incidents took place outside of the traditional workplace while on business trips for the TCHRA to apply. (See Tab C, at p. 13 (citing *Dorn Hecker v. Malibu Grand Prix Corp.*, 828 F.2d 307, 308 (5th Cir. 1987) (plaintiff filed suit for sexual harassment pursuant to Title VII and the court considered it under Title VII's purview although the actions took place away from the actual workplace while on business trips). Respondent's determination in light of these facts and the law shows a clear failure of Respondent to analyze the law correctly and apply it to the facts in this case.

In addition to her incorrect insinuation that the TCHRA did not apply because Defendant Morris' actions were not the type of "unwelcome sexual harassment" covered under the statute, Real Party also incorrectly asserted that the TCHRA had no application to her claims because Defendant Morris' actions did not affect a, "term, condition, or privilege of the plaintiff's employment." (Tab D, at p. 30 - 31).

A claim of sexual harassment is actionable under Title VII (and the TCHRA)[7] only against an employer and only when (1) the employer takes a tangible employment action based on whether the employee submits to the sexual demand or (2) the sexual harassment is said to constructively alter the employee's terms or conditions of employment. *Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 776-77 (Tex. App. – Houston [1st Dist.] 2011, no pet. Even a single incident of **sexual assault** sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment for the purposes of Title VII (or TCHRA) liability. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998) **(emphasis added);** *see also Harvill v. Westward Comm., LLC,* 433 F.3d 428, 434 (5th Cir. 2005)

---

[7] Texas courts look to analogous federal law in applying the state act. *Waffle House,* (citing 42 U.S.C.A. § 2000e et seq.; Tex. Lab. Code § 21.0015 et seq.)).

Real Party cannot assert Morris' actions on one hand constitute sexual assault against her while he was "employed within a managerial capacity" and "acting within the scope of his employment" but on the other hand state her claims "have absolutely nothing to do with the TCHRA." (Tab D, at p. 41; Tab A, at ¶11). Real Party argued at great length that Morris' actions were egregious, offensive, and provocative and constituted sexual assault. Her contradictory assertions are simply an attempt to avoid the TCHRA because of the administrative requirement that at this point, cannot be cured and should have resulted in a dismissal of her claims.

Additionally, "[C]entral to the court's inquiry into a hostile work environment sexual harassment claim is whether the alleged harasser's actions have undermined the victim's workplace competence, **discouraged h[er] from remaining on the job**, or kept h[er] from advancing in h[er] career." *City of Laredo v. Negrete*, No. 04-08-00737-CV, 2010 WL 454921, at *5 (Tex. App. – San Antonio, Feb. 10, 2010, reh'g denied) citing *City of Houston v. Fletcher,* 166 S.W.3d 479, 490 (Tex. App.- Eastland 2005, pet. denied)) **(emphasis added)**. As Relator pointed out in its Motion, Real Party testified that due to Morris' actions she no longer wanted to work under his supervision, was uncomfortable and started looking for another job. (Tab C, at p. 15). Specifically, she spoke with Morris about what happened while on the business trip and told him his actions were inappropriate, wrong and that she needed to find another job. (Tab C, Farmer Dep.

at pp. 106:5-7, 29:18-25).[8] As the law states, this is central to a hostile work environment sexual harassment claim and is yet another reason Respondent's denial of Relator's Motion as to the applicability of the TCHRA and its bar to common law tort claims against Relator as the employer was erroneous and a clear abuse of discretion.

Real Party was required to proceed "solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for assault" against Relator. Those additional facts for liability against Relator as the employer do not exist. The Texas Supreme Court clearly articulated the standard in *Waffle House* as follows:

> Today's question is whether employer liability for unwanted sexual touching by a coworker (simple assault under Texas law given its "offensive or provocative nature) is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment. We think the answer should be yes.

*Waffle House,* 313 S.W.3d at 803. There is no dispute as a matter of law that Real Party's claims against relator should have been brought under the TCHRA as her exclusive remedy for employer liability. "[T]he touchstone is not availment, but availability of [Chapter 21] remedies." *Pruitt v. International Ass'n of Fire Fighters,* 366 S.W.3d 740, 748 (Tex. App. – Texarkana 2012, no pet.) Because

---

[8] Relator asserts that this testimony alone calls into question the propriety of Real Party's assertion that her claims have nothing to do with the terms conditions and privileges of her employment.

Farmer's claims "could have" been raised under Chapter 21, the court should have found that Relator's Motion was the correct vehicle to dismiss her common-law claims against Relator when she failed to exhaust those remedies. *Id.* Under these circumstances, Respondent's opposite determination was a misapplication of the law.

Texas case law subsequent to *Waffle House* is consistent with the assertion that a plaintiff-employee cannot avoid the statutory scheme of the TCHRA when the issues giving rise to the alleged common law cause of action should have been resolved through the TCHRA. In *Pruitt*, an employee brought common law claims against the labor union however, due to the existence of conduct covered under the TCHRA the trial court dismissed the claims for lack of subject matter jurisdiction[9] and the appellate court affirmed finding (1) such claims had to be filed with the Texas Workforce Commission before bringing suit and (2) the common law tort claims were preempted by the TCHRA. The *Pruitt* court held as follows:

> Our reading of the petition, along with counsel's argument to the court, lead us to conclude that the facts giving rise to Pruitt's common-law causes of action were inextricably intertwined with the facts giving rise to complaints that could have been resolved through Chapter 21's administrative procedures. We find that a racial discrimination complaint was the gravamen of Pruitt's action and that allowing his complaint to proceed without meeting the requirement of

---

[9] Even after *United Services*, where the Supreme Court determined that the administrative filing was mandatory, as opposed to jurisdictional, Relator finds that several state and federal courts still consider (or at least refer to) the prerequisite as jurisdictional.

16

exhaustion of remedies would "collide with the elaborately crafted statutory scheme."

*Pruitt,* 366 S.W.3d at 749-750.

Similarly here, the facts giving rise to Real Party's common law claims that occurred while on a business trip where Real Party was employed by Relator are inextricably intertwined with facts giving rise to complaints that should have been resolved through Chapter 21's administrative procedures as to Relator's **employer liability (emphasis added)**. Therefore, Relator asserts that the conclusion in the instant case should be identical to that of *Pruitt*: "[B]ased on Texas Supreme Court precedent, [Real Party's] common-law claims [are] pre-empted by Chapter 21." *Pruitt,* 366 S.W.3d at 750.

In *Denson v. BeavEx, Inc.*, the United States District Court of the Southern District of Texas agreed with and applied the holding of *Waffle House*, similarly finding that plaintiff's tort claim was preempted by the TCHRA. *Denson v. BeavEx Inc.*, Civ. A. No. H-13-1493, 2014 WL 3543718, at *10 (S.D. Tex. July 17, 2014). Citing to *Waffle House*, the *Denson* court stated, "that the Labor Code "implements a comprehensive administrative regime, ... affords carefully constructed remedies, and [to allow] the alternative remedy would render the limitations in the [Labor Code] utterly meaningless and defeat the [Labor Code's] comprehensive statutory scheme." *Id.* at *10 (internal citations omitted). Therefore, this District has recently applied *Waffle House's* holding to prevent plaintiffs from skirting the

17

administrative prerequisites of the TCHRA by asserting tort claims against employers based on conduct identical to that which the TCHRA was designed to address.

Previously, in *Frederickson v. Halliburton Co.*, the Southern District of Texas solidified the holding of Waffle House and its applicability to employer liability for unwanted sexual touching in the employment context. The *Halliburton* court stated as follows:

> Where the gravamen of a plaintiff's case is TCHRA-covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts. Employer liability for unwanted sexual touching by a coworker ... is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment.
>
> The TCHRA necessarily abrogates common law claims based on the same conduct because there exists 'a clear repugnance' between" the TCHRA and common law causes of action. This repugnance exists because the TCHRA is an "elaborately crafted statutory scheme" that addresses sexually harassing conduct. The TCHRA's purpose would be undermined by allowing a plaintiff to proceed under a common law theory because of conflicts between the TCHRA and common law relating to administrative review, limitations, substantive elements of the claim, affirmative defenses and remedies.

*Fredericksen v. Halliburton Co.*, No. H-10-1892, 2011 WL 1232991, at *3 (S.D. Tex. Mar. 31, 2011).

In *Woldetadik v. 7-Eleven, Inc.,* yet another federal court held that the "TCHRA precludes a plaintiff from bringing state common law claims that are based on conduct that is actionable under the TCHRA's discrimination and anti-

retaliation provision." *Woldetadik v. 7-Eleven, Inc.,* 881 F.Supp.2d 738, 744 (N.D. Tex. 2012).

The overwhelming prevailing case law is clearly at odds with the Respondent's action in denying Relator's Motion as to Real Party's tort claims brought against it as her former employer. Employer liability for unwanted sexual touching by a supervisor is unequivocally covered under the statutory scheme of the TCHRA and preempts tort claims against an employer for such conduct. It is important to point out to the Court that Relator is not asserting Real Party cannot bring an individual tort claim against her harasser if she is able to meet the requisite elements. In fact, the Court in *Waffle House* specifically stated that its holding, "did not bar a tort claim against the harasser/assailant individually." Such is not a part of this request for mandamus relief. However, it is still without question that, "employer liability for unwanted sexual touching by a coworker (simply assault under Texas law given its 'offensive or provocative' nature) is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment." *Calvert v. Brachfeld Law Grp., P.C.*, No. CIV.A. H-12-3683, 2013 WL 1289394, at *2 (S.D. Tex. Mar. 26, 2013) (citing *Waffle House*, 313 S.W.3d at 803.)

Permitting the trial court in this case to improperly deny Relator's Motion would allow Real Party to continue litigation against it despite her failure to satisfy

19

the required administrative prerequisites.  Additionally, this improper maintenance of the case would create uncertainty within the system and interfere with the "established comprehensive administrative review system" clearly outlined within the TCHRA for employer liability.  For these reasons, mandamus relief is an appropriate remedy to correct the abuse of discretion resulting from Respondent's denial of Relator's Motion and challenges in this case.

## CONCLUSION

It is evident that following *United Services*, where the Texas Supreme Court held that the requirement that an aggrieved plaintiff asserting an employment discrimination claim must first file a charge of discrimination is mandatory as opposed to jurisdictional, that there has been some confusion. Appellate cases that followed, including *Pruitt*, still refer to the requirement as jurisdictional. While the path to mandamus relief would be clearer if the requirement was jurisdictional in nature, the reality is that there is no appreciable difference between a mandatory and a jurisdictional prerequisite. Either way, the plaintiff is required to file a charge before moving forward. Real Party didn't satisfy this requirement. *United Services* was one example where the Supreme Court demonstrated that mandamus relief would be appropriate where judicial resources would be wasted had mandamus relief not been granted.  This case presents a similar issue because even if trial were to proceed, the result is clear, based on the undisputed facts. Real Party

20

doesn't have a viable claim against the Relator in the format that she chose to proceed to trial on. Mandamus relief is therefore appropriate in this situation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator respectfully prays that this Court grant its Petition for Writ Of Mandamus and order the Trial Court to reverse or vacate its Order of February 27, 2015 denying its Motion to Dismiss or alternatively, Motion for Summary Judgment and such other and further relief in law or in equity, general or special, to which Relators may be entitled.

Respectfully Submitted,

/s/ Gregg M. Rosenberg
Gregg M. Rosenberg
Texas State Bar No. 17268750
Tracey D. Lewis
Texas State Bar No. 24090230
ROSENBERG SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
Telephone (713) 960-8300
Facsimile (713) 621-6670

*Attorneys for Relators*

## CERTIFICATION OF COMPLIANCE WITH APPELLATE RULE 52.3(J)

Undersigned counsel hereby certifies that he has reviewed Relators' Petition for Writ of Mandamus and concludes that every factual statement in this petition is supported by competent evidence included in the appendix or record, as required by Appellate Rule 52.3(j).

/s/ Gregg M. Rosenberg
Gregg M. Rosenberg

21

# CERTIFICATION OF COMPLIANCE WITH APPELLATE RULE 9.4(I)

Undersigned counsel hereby certifies that this document contains 6659 words, as indicated by the word-count function of the computer program used to prepare it, as provided by Appellate Rule 9.4(i).

/s/ Gregg M. Rosenberg
Gregg M. Rosenberg

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of March, 2015, a true and correct copy of the foregoing document has been served as follows on all other parties in compliance with Tex. R. App. P. 9.5(b):

Respondent:

Judge Elaine H. Palmer
Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
*Via Hand Delivery*

Counsel for Real Parties in Interest:

Mr. Jeffrey N. Todd
312 S. Friendswood Drive
Friendswood, Texas 77546
(281) 992-8633 (Tel)
(281) 648-8633
*Via Hand Delivery and E-mail*

/s/ Gregg M. Rosenberg
Gregg M. Rosenberg