Jerold W. GORMLEY, D.D.S., Petitioner,

v.

Marion STOVER, Respondent.

No. 94–0954.

Supreme Court of Texas.

March 16, 1995.

Rehearing Overruled Sept. 14, 1995.

Michael J. Sharpee, Barry D. Peterson, Amarillo, for petitioner.

Leighton Cornett, Paris, for respondent.

PER CURIAM.

Marion Stover sued Dr. Jerold Gormley, a dentist, alleging that he was negligent in his treatment of her in three respects: in recommending a skin graft rather than a bone graft to improve her ability to wear dentures, in performing the skin graft surgery, and in treating her after the surgery. Stover filed suit more than two years after the surgery was performed but less than two years after Gormley last treated her.

Stover also alleged that Gormley misrepresented: that he could perform the surgery with no problems; that a skin graft would work as well as a bone graft; that after surgery he would refer her to another dentist to be fitted for dentures which would fit well and which she would have no problems wearing; and that her post-surgery pain and numbness would cease in several months. Stover claims that these misrepresentations are actionable under the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COM.CODE §§ 17.41–.63.

The trial court granted summary judgment for Gormley on the grounds that all of Stover's claims are barred by the two-year limitations period prescribed by the Medical Liability and Insurance Improvement Act, TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1995).[1] The court of appeals held: that Stover's claim for negligent performance of surgery was barred by limitations because it was completed more than two years before she filed suit and was not part of a continuing course of treatment that extended after surgery; that Gormley did not establish as a matter of law that his post-operative care of Stover, which continued within two years of when she filed suit, was not negligent; and that Gormley failed to establish as a matter of law that Stover did not sue within two years of when she should have discovered the DTPA violations, which is the limitations period prescribed by the DTPA,[2] which applies rather than the Medical Liability and Insurance Improvement Act. 883 S.W.2d 278. Consequently, the court of appeals affirmed the summary judgment as to Stover's negligent surgery claim, but reversed it as to her other claims. We conclude that Gormley was entitled to summary judgment on all claims.

Gormley's motion for summary judgment stated that the health care of which Stover complained occurred before or during surgery. None of the excerpts of Stover's and her expert witness' deposition testimony, attached to Gormley's motion, mentioned any negligence occurring after surgery. Gormley's affidavit stated that if Stover was injured at all, it was during surgery. Stover's affidavit did not assert that Gormley was negligent following surgery. Her affidavit did assert that Gormley represented to her after her surgery that her pain would shortly

---

1. "Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed...."

2. "All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice...." TEX.BUS. & COM.CODE § 17.565.

subside, but she does not claim that her continued pain was attributable to his post-surgical treatment of her. In short, Gormley's affidavit established as a matter of law that no actionable negligence occurred after surgical treatment was completed, and nothing else in the summary judgment record raises a fact issue on the matter. The trial court correctly granted summary judgment for Gormley on Stover's negligence claims in their entirety.

■ The court of appeals held that the limitations period applicable to Stover's negligence claims did not apply to her DTPA claim. Instead, the court applied the limitations period in the DTPA. This conflicts with our decision in *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994), where the Court stated:

> There can be no DTPA claim against a physician for damages for personal injury or death if the damages result, or are alleged to result, from the physician's negligence; however, if the alleged DTPA claim is not based on the physician's breach of the accepted standard of medical care, section 12.01(a) does not preclude suit for violation of the DTPA. Thus, the underlying nature of the claim determines whether section 12.01(a) prevents suit for violation of the DTPA. Claims that a physician or health care provider was negligent may not be recast as DTPA actions to avoid the standards set forth in the Medical Liability and Insurance Improvement Act.

The representations Stover alleges all have to do with whether Gormley's selection of the surgical procedure and performance of it met the standard of care for dentists in such circumstances. They are nothing more than an attempt to recast Stover's malpractice claim as a DTPA action, which section 12.01(a) of the Medical Liability Act, as construed in *Sorokolit,* prohibits. *Walden v. Jeffery,* 907 S.W.2d 446 (Tex.1995) (per curiam). The court of appeals erred in reversing the summary judgment on Stover's DTPA claims.

Accordingly, a majority of the Court, without hearing oral argument, grants Gormley's application for writ of error, reverses the judgment of the court of appeals insofar as it reverses the judgment of the trial court, and renders judgment that Stover take nothing against Gormley. Tex.R.App.P. 170.