**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00355-CV

### ERIC DRAKE, Appellant
### V.
### STEPHEN WALKER, D.D.S. AND MARSHAL GOLDBERG, D.D.S., Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-06774-D**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

Eric Drake appeals the trial court's order dismissing this dental malpractice case under rule 91a of the Texas Rules of Civil Procedure. In eleven issues, Drake (1) challenges the authority of various judges who determined motions in this case, (2) complains the trial court erred by dismissing his claims, and (3) contends the trial court erred by awarding attorney's fees to appellees. We affirm in part, and reverse in part, the trial court's judgment.

### Factual and Procedural Background

Drake went to Dr. Stephen Walker for a periodontal examination and returned the next month for a scheduled "deep cleaning" appointment. Walker injected numbing medication into Drake's right jaw, but Drake left Walker's office before the treatment was done. Drake then

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

sued Walker and Dr. Marshal Goldberg, the owner of the dental clinic where the procedure was performed.

In his original petition, Drake alleged causes of action for negligence, gross negligence, fraud, deceptive trade practices, and the willful intent to harm. Drake claimed that when he arrived at the clinic, he told the clinic staff (1) he wanted only "normal medications to numb teeth and the topical . . . used . . . to make the needle injections more comfortable," and (2) he did not want the drug "Afrin."

According to Drake, when Walker began to inject Drake's right jaw, Drake "indicated as best as he could with his mouth open that the injection was very painful by screaming out" but Walker continued to inject Drake with drugs, ignoring visible and obvious signs that he was in pain. Drake asserted Walker sent his dental assistant from the room prior to the injection because Walker intended to harm Drake. Drake claimed that as a result of the injection, his "jaw closed and he wasn't able to consume solid foods for several months. Plaintiff was only able to consume baby food and pudding, and he wasn't able to eat his Christmas dinner." Drake also alleged that he was given Afrin, which caused him to become dizzy and suffer from chest pain.

Within sixty days of the filing Drake's original petition, appellees filed a motion to dismiss baseless causes of action pursuant to rule 91a of the rules of civil procedure. In the motion, appellees sought dismissal of Drake's negligence and gross negligence claims contending they had no basis in fact because no reasonable person could believe the facts pleaded. Appellees sought dismissal of Drake's DTPA claims because all of the claims resulted from dental negligence and thus have no basis in law, and also because no reasonable person could believe the facts as pleaded.

Thereafter, Drake amended his petition on March 10, 2014 and March 13, 2014. In his second amended petition, Drake claimed Walker and Goldberg were negligent and had violated

the DPTA. Drake claimed Walker was negligent because (1) he ignored Drake's screams as he was injecting him in the mouth and Walker pushed the needle into Drake's jaw to the extent that it caused injury, (2) after Drake's injury, Walker refused to treat Drake, and (3) Walker allowed Drake to leave the dental clinic when it was clear that he was dizzy and it was not safe for him to drive. With respect to his claims of deceptive trade practices, Drake alleged (1) the staff at the dental clinic refused or failed to provide Drake with the cost of the procedure, and (2) Walker misrepresented his qualification to perform the dental services provided to Drake and that Walker's actions were unconscionable when Walker "sent the dental assistant from the room to make sure there were no witnesses to his causing injury to Drake."

Appellees did not withdraw the motion for dismissal or file an amended motion directed to the amended causes of action. More than three days after Drake filed his second amended petition, Judge Ken Tapscott held a hearing, and after reviewing the motion and pleadings, Tapscott granted appellees' motion to dismiss, dismissed Drake's claims, and awarded attorney's fees to appellees.

Six days later, on March 25, 2014, Drake filed a motion to recuse and disqualify Judge Tapscott and 32 other judges. He did not, however, move to recuse either Regional Administrative Judge Mary Murphy or Judge Tanya Parker, the presiding judge of the 116th Judicial District Court. Judge Tapscott declined to recuse himself and referred the motion to Judge Murphy the same day. On March 27, 2014, the motion was set for a hearing before Judge Parker on April 11, 2014. On March 31, 2014, Drake filed a motion to recuse Judge Parker who, in turn, declined to recuse herself and referred the matter to Judge Murphy. On April 1, 2014, Judge Murphy denied the motion to recuse Judge Parker. Thereafter, Drake amended his motion to again recuse Judge Parker, which Judge Murphy denied on April 3, 2014. After a hearing on

–3–

Drake's motion to recuse Judge Tapscott, Judge Parker denied the motion to recuse Judge Tapscott on April 16, 2014. Drake then timely filed a notice of appeal.

**Rule of Civil Procedure 91a**

In his third issue, Drake contends the trial court erred by failing to follow the procedures set out in rule 91a. Specifically, Drake contends the hearing on the motion to dismiss was "canceled by statute once [he] filed an amendment to his pleadings three days before the hearing." We disagree.

When, as here, the challenged causes of action are amended at least three days before the date of the hearing, the party moving for dismissal may either withdraw the motion to dismiss or file an amended motion to dismiss directed to the amended causes of action. TEX. R. CIV. P. 91a.5(b). Except by agreement of the parties, the trial court **must** rule on a motion unless it has been withdrawn or the cause of action has been nonsuited. TEX. R. CIV. P. 91a.5(c) (emphasis added). In ruling on the motion, the court "must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b)" of rule 91.a.5. TEX. R. CIV. P. 91a.5(c). Here, Drake amended his petition as permitted by rule 91a.5. And, because rule 91a.5 requires the court to rule on a motion to dismiss that has not been withdrawn, we conclude Drake's argument lacks merit. We overrule Drake's third issue.

In his fourth issue, Drake contends the trial court erred by granting appellees' motion to dismiss because his lawsuit did have a basis in law and fact. Here, because Drake amended his petition more than three days before the hearing, when the trial court considered appellees' motion, it was required to do so in light of Drake's second amended petition. *See* TEX. R. CIV. P. 91a.5(c) (precluding trial court only from considering amendment not filed more than three days before hearing).

–4–

Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1 "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The motion must identify each cause of action to which it is addressed and specifically state the reasons the action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The trial court must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by rule 59. TEX. R. CIV. P. 91a.6.

The Houston Fourteenth Court of Appeals recently considered the proper standard of review to apply to a trial court's ruling on a rule 91a motion to dismiss. *See Wooley v. Schaffer*, 447 S.W.3d 71, 73–77 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). After analogizing a motion to dismiss under rule 91a to a plea to the jurisdiction and looking to case law interpreting rule 12(b)(6) of the Federal Rules of Civil Procedure, the court determined that both determinations of whether a cause of action has any basis in law and in fact are legal questions to be reviewed de novo, based on the allegations of the live petition together with any permitted exhibits. *Id*. at 76. And, in conducting such a review, the court must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id*.

We agree with the Houston Fourteenth Court of Appeals that when reviewing a 91a motion to dismiss alleging that a party's claims have no basis in law, we review such claims de novo, construing the pleadings liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual allegations in the pleadings to determine if the cause of action has a basis in law. *See City of Dallas v. Sanchez*, 449 S.W.3d 645, 648–650 (Tex. App.—Dallas

2014, pet. filed). And, while we agree that a review of a motion to dismiss based on no basis in fact is likewise reviewed de novo, also construing the pleadings liberally in favor of the plaintiff and looking to the pleader's intent, we question whether, when determining whether no reasonable person could believe the facts pleaded, we must accept the pleaded facts as true. Nevertheless, after reviewing the pleadings in this case, we conclude a reasonable person could believe them. Therefore, we need not determine whether we must always accept facts as true when determining a rule 91a motion based on an allegation that a claim has no basis in fact.

Beginning with Drake's claim for negligence, we must determine whether, as alleged in appellees' 91a motion, Drake's claim for negligence had a basis in fact. Specifically, we must determine whether a reasonable person could believe the facts pleaded. Drake's live petition claimed Walker was negligent because (1) he ignored Drake's screams as he was injecting him in the mouth and Walker pushed the needle into Drake's jaw to the extent that it caused injury, (2) after Drake's injury, Walker refused to treat Drake, and (3) Walker allowed Drake to leave the dental clinic when it was clear that he was dizzy and it was not safe him to drive. According to appellees, these facts are so "outlandish no reasonable person could believe them."[2]

In making such a determination, we do not consider whether such allegations are likely, or even if the conduct alleged is outlandish, but only if a reasonable person could believe the alleged conduct. Reasonable people can believe conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Cf. Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (adopting the tort of intentional infliction of emotional distress as set out in section 46(1) of the RESTATEMENT (SECOND) OF TORTS). And, we note that cases in the context

---

[2] In their brief, appellees maintain Drake's negligence claims have no basis in fact because "the alleged facts are so outlandish that no person could believe them as pleaded. Further, the 'facts' as asserted by Drake fail to set forth reasonable support for a claim for medical negligence." We do not consider the second of these claims, as it is a claim that Drake's claims lack a basis in law, which appellees did not assert in their rule 91a motion.

of criminal law are replete with cases in which trial courts and juries have believed conduct much more extreme and "outlandish" than the conduct alleged in this case. After reviewing the pleadings in this case, we conclude it is possible a reasonable person could believe the facts as pleaded. Thus, we conclude the trial court erred by granting appellees' 91a motion to dismiss Drake's negligence claims as having no basis in fact.

With respect to his claims of deceptive trade practices, Drake alleged (1) the staff at the dental clinic refused or failed to provide Drake with the cost of the dental procedure, (2) Walker misrepresented his qualifications to perform the dental services provided to Drake, and (3) Walker's actions were unconscionable when Walker "sent the dental assistant from the room to make sure there were no witnesses to his causing injury to Drake." According to appellees, these allegations of deceptive trade practices lack a basis in both law and fact.

The Texas Supreme Court has determined that there can be no deceptive trade practices claim against a dentist for damages for personal injury if the damages result or are alleged to result from the dentist's negligence. *Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995). Drake's claims are inseparable from the rendition of health care services and therefore constitute a health care liability claim. Thus, there can be no claim under the deceptive trade practices act. S*ee id.* Further, to the extent that Drake's deceptive trade practice claim regarding failure to provide him with the cost of the dental procedure is separable from the dental negligence, Drake's claims for injury or damages have no relation to the failure to tell Drake the cost of the procedure. Thus, that claim fails as a matter of law. *See Doe v. Boys Clubs of Greater Dallas, Inc.* 907 S.W.2d 472, 479 (Tex. 1995) (to recover under the DTPA, plaintiff must show (1) he is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages). Accordingly, we conclude the trial court properly dismissed Drake's deceptive trade practices claims pursuant to appellees' rule 91a

motion as having no basis in law. We overrule Drake's fourth issue with respect to his claims under the DTPA, and sustain his fourth issue with respect to his negligence claims. Because of our disposition of this issue, each party has prevailed in part and the award of attorney's fees is subject to reconsideration on remand. *See* TEX. R. CIV. P. 91a.7. Thus, we need not determine Drake's first, second, and sixth issues concerning Drake's complaints regarding attorney's fees.

## Random Assignment

In his seventh issue, Drake contends this case was not randomly assigned to County Court at Law Number 4. According to Drake, "it is highly unlikely" his case was randomly assigned, but rather "it would appear" the trial court was deliberately chosen. It has long been a cardinal rule of appellate procedure in Texas that the appellate court must indulge every presumption in favor of the regularity of proceedings and documents in the trial court. *See Sparkman v. Microsoft Corporation*, No. 12-13-00175-CV, 2015 WL 1244538, at *2 (Tex. App.—Tyler Mar. 18, 2015, no pet. h.) (mem. op.). The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the trial court's judgment. *Id.* Therefore, we must uphold the presumption of regularity of the judgment and the proceedings absent a showing to the contrary. *Id.* The burden is on the complaining party to overcome this presumption. *See id.*

Here, Drake does not cite this Court to any evidence in the record to support his contention that the case was improperly assigned to County Court at Law Number 4. Because Drake did not carry his burden to show otherwise, based on the presumption in favor of the regularity of the trial court's judgment and proceedings, we presume this case was properly assigned to County Court at Law Number 4. We overrule Drake's seventh issue.

## Continuance

In his ninth and eleventh issues, Drake contends (1) Judge Parker abused her discretion by not allowing him adequate time to prepare for the recusal hearing, and (2) Judge Murphy and Judge Parker erred by failing to continue the recusal hearing conducted by Judge Parker because the date of the recusal hearing interfered with Drake's religious observations of Easter.

Rule 251 of the Texas Rules of Civil Procedure provides that a motion for continuance shall not be granted except for sufficient cause supported by affidavit, or by consent of the parties or by operation of law. TEX. R. CIV. P. 251. If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion by denying the motion. *In re E.L.T.*, 93 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Drake's motion for continuance requesting more time to prepare for the recusal hearing was not sworn or supported by affidavit. And, Drake's request for a continuance regarding interference with his religious observations of Easter is found in a paragraph in his amended objection and motion to recuse and disqualify Judge Parker, not in a motion for continuance. However, even assuming that the paragraph in the amended motion to recuse is sufficient to be considered a written motion for continuance, the amended motion to recuse is likewise not sworn or supported by affidavit. Because Drake did not comply with the requirements of rule 251, we conclude Drake's arguments lack merit. *See Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986). We overrule Drake's ninth and eleventh issues.

## Recusal

In his fifth and eighth issues, Drake complains about Judge Tapscott's bias and prejudice toward him, and that Judge Tapscott and Judge Parker should have been recused in this case.

We review an order denying a motion to recuse for an abuse of discretion. *See In re H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The movant bears the burden of proving recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial. *See H.M.S.*, 349 S.W.3d at 253–54. The test for recusal is "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Hansen v. JPMorgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.).

A judge must recuse in any proceeding in which (1) the judge's impartiality might reasonably be questioned, or (2) the judge has a personal bias or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(b)(1), (2). Bias by an adjudicator is not lightly established. *In re City of Dallas*, 445 S.W.3d 456, 467 (Tex. App.—Dallas 2014, orig. proceeding). Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. *In re H.M.S,* 349 S.W.3d at 253 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Rather, a party's remedy for unfair rulings is to assign error regarding the adverse rulings. *In re City of Dallas*, 445 S.W.3d at 467; *Sommers*, 20 S.W.3d at 41. Judicial remarks, even those that are critical or disapproving of, or even hostile to, parties or their cases, do not ordinarily support a bias or partiality challenge. *Hansen,* 346 S.W.3d at 776.

With respect to Judge Parker, Drake contends Judge Parker should have recused herself because of statements *Drake* made regarding Judge Parker. Both the record and Drake's brief contain numerous egregious, offensive, and biased statements regarding Judge Parker. However, the record is devoid of any evidence showing Judge Parker's bias toward Drake. Consequently,

–10–

we conclude Drake has failed to meet his burden of proving the recusal of Judge Parker was warranted. We overrule Drake's eighth issue.

With respect to Drake's complaints regarding Judge Tapscott, we likewise conclude Drake has failed to meet his burden to show recusal was warranted. Although difficult to ascertain, it appears Drake contends Judge Tapscott should have been recused because Judge Tapscott (1) required Drake to give his address at an indigency hearing only because of Drake's race, (2) refused to require two doctors to testify before conducting the hearing on appellees' rule 91a motion to dismiss, and (3) determined certain testimony was admissible as an exception to the hearsay rule. All of these complaints are judicial rulings, and none of these rulings show a valid basis for a determination of bias or partiality. Drake's remedy for his complaints regarding these rulings was to assign error regarding the adverse rulings, and he has failed to do so in this appeal. *See In re City of Dallas*, 445 S.W.3d at 467; *Sommers*, 20 S.W.3d at 41. Because Drake has failed to establish Judge Tapscott was unable to rule impartially, we overrule Drake's fifth issue.

## Objection to Assigned Judge

In his tenth issue, Drake contends Judge Murphy abused her discretion by denying his objection to Judge Parker pursuant to section 74.053 of the Texas Government Code. According to Drake, he "timely objected to Judge Parker being assigned" to hear his motion to recuse the trial court. In support of this statement, Drake cites to his objection and motion to recuse and disqualify Judge Parker. However, in that motion, Drake argued Judge Parker should recuse and disqualify herself under "Rule 18b(2)(a) and for other reasons stated herein" Drake does not cite or refer to section 74.053 of the government code. An error raised on appeal that does not comport with the objection made at trial is waived. *See* TEX. R. APP. P. 33.1.

–11–

Regardless, section 74.053 provides that "an active judge assigned under this chapter is not subject to an objection." Judge Parker is an active judge in Dallas County, presiding over the 116th Judicial District Court, and is not subject to an objection under section 74.053. We overrule Drake's tenth issue.

Accordingly, we affirm the portion of the trial court's judgment dismissing Drake's claims for violations of the DTPA, reverse the portion of the trial court's judgment dismissing Drake's dental malpractice claims, and remand for further proceedings consistent with this opinion.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

140355F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC DRAKE, Appellant

No. 05-14-00355-CV          V.

STEPHEN WALKER, D.D.S. AND
MARSHAL GOLDBERG, D.D.S.,
Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-06774-D.
Opinion delivered by Justice O'Neill.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dismissing Drake's claims for dental malpractice and **AFFIRM** that portion of the trial court's judgment dismissing Drake's claims for violations of the Deceptive Trade Practices Act. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 8th day of May, 2015.