**Opinion issued August 8, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00412-CV

———————————

**LOVER COMPTON, Appellant**

**V.**

**LANCE JUE, D.D.S. AND LANCE JUE, D.D.S. D/B/A A BEAUTIFUL SMILE AT LAKE POINTE, Appellees**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 15-DCV-221609**

---

## MEMORANDUM OPINION

Appellant, Lover Compton, challenges the trial court's rendition of summary

judgment in favor of appellees, Lance Jue, D.D.S. and Lance Jue, D.D.S. doing

business as A Beautiful Smile at Lake Pointe[1] (collectively, "Dr. Jue"), in her suit against Dr. Jue for dental malpractice, negligence, breach of warranty, lack of informed consent, medical battery, promissory estoppel, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[2] In two issues, Compton contends that the trial court erred in granting Dr. Jue summary judgment.

We affirm.

## Background

In her original petition, Compton alleged that in February 2012, she sought treatment from her dentist, Dr. Jue, to repair damaged teeth. He advised that she needed tooth extractions and "full dental implants." After she underwent the recommended dental surgery, she experienced extreme pain and discomfort in her mouth. Four months later, at a follow-up appointment with Dr. Jue, Compton reported her concerns to him. Subsequently, Dr. Jue removed bone spurs from Compton's mouth.

In November 2012, Dr. Jue performed a second surgery on Compton, who had still been experiencing pain, to replace her implants with upper and lower dentures. Compton asserted that "[i]mmediately after her surgery," Dr. Jue told her that the dentures did not properly fit her mouth, and he recommended taking new

---

[1]     Our style of the case is in accord with the trial court's judgment.

[2]     *See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50 (Vernon 2011).

2

upper and lower dental impressions. Dr. Jue then informed Shatkin Lab that although the wax impressions that he had originally made of Compton's mouth were accurate, the dentures it had made for her did not properly fit, and he would be submitting new impressions. Dr. Jue then made new impressions for Compton's upper and lower dentures.

On December 12, 2012, Dr. Jue surgically "implanted six mini implants in [Compton's] upper mouth and four mini implants in her lower mouth." Afterwards, Compton continued to experience pain and contracted an infection.

On March 6, 2013, Compton visited Dr. Jonathan Penchas at Midtown Dentistry for a new evaluation. Penchas diagnosed Compton with infected dental implants, infected root tips, and ill-fitting dentures. Penchas removed Compton's dentures and implanted temporary dentures into Compton's mouth while she waited on her new dentures. In April 2013, Compton "underwent a fifth dental implant surgery," during which she suffered a cut tongue. The cut caused her "continuous pain and discomfort for the following eight months."

In her dental malpractice claim, Compton alleged that Dr. Jue breached his duty as a healthcare professional by twice placing improper dentures into her mouth. She asserted that Dr. Jue's breaches of the standard of care proximately caused her to suffer severe physical, emotional, and economic injuries.

3

In her negligence claim, Compton alleged that Dr. Jue had a duty to exercise ordinary care in the examination and repair of her teeth.  He breached that duty by failing to properly install dentures into her mouth and failing to inform her of the ill-fitting dentures that he had installed.  His negligent acts and omissions proximately caused an infection in her mouth, a need for further surgery, and a cut on her tongue.  Compton asserted that she incurred lost wages and expenses for additional dental examinations and surgeries.

In her claim for breach of warranty, Compton alleged that Dr. Jue "held himself out to . . . the general public as having expertise, knowledge, and skill in dentistry, including . . . oral examinations and dental surgery.  Therefore, [he] breached the warranty that any service work would be performed in a good and workmanlike manner."

In her claim for lack of informed consent, Compton alleged that although she had consented to the "surgical implantation of dentures formed from impressions of her teeth," Dr. Jue installed dentures from impressions of someone else's teeth.  She asserted that he lacked her informed consent to perform such surgery.

In her medical battery claim, Compton alleged that Dr. Jue, by performing the complained of implant surgeries, "touched" her mouth in a manner that caused her pain and suffering.  She asserted that he lacked her consent to so touch her.

In her claim for promissory estoppel, Compton alleged that Dr. Jue made a promise to perform dental services at an acceptable level of care when he examined her teeth and recommended dental implants. And it was foreseeable that she would rely on his promise to care for her properly as a medically licensed professional. She asserted that she substantially relied to her detriment on Dr. Jue's promise because she suffered injuries and damages. And "injustice may be avoided only by legal enforcement."

In her fraud claim, Compton alleged that Dr. Jue had falsely represented to her that he had repaired her teeth, when in fact he had not properly repaired her teeth. Rather, he had twice improperly repaired her teeth with implants. She further asserted that Dr. Jue either knew that his representation was false or he made it recklessly, without knowledge of its truth, and as a positive assertion of fact. Further, his representation was material, in that it was important to her in deciding to have the dental surgery performed, and a reasonable person would be induced to rely on such representation and act on it in deciding to have further dental evaluations and surgery. She asserted that Dr. Jue made the complained-of representation with the intent that she rely on it in agreeing to let him repair her teeth; she actually and justifiably relied on his representation; and such reliance caused her damages.

Finally, Compton alleged that Dr. Jue violated the DTPA by engaging in an "unconscionable course of action, which, to [her] detriment, took advantage of her lack of knowledge, ability, experience or capacity to a grossly unfair degree."[3] Further, Dr. Jue "knowingly made false or misleading statements of fact about the need for parts, replacement, or repair service"[4]; represented that goods or services had characteristics or qualities that they did not have,[5] or were of a particular standard, quality, or grade, or style or model, when they were of another[6]; and represented that work or services had been "performed on, or parts replaced in, goods when the work or services [was] not performed or the parts not replaced."[7]

Compton further alleged that she suffered mental anguish, anxiety related to her mouth, and missed days of work. She sought actual and exemplary damages in an amount of at least $200,000.00, but less than $1,000,000.00.

Dr. Jue answered, generally denying the allegations and asserting various affirmative defenses. He also filed a summary-judgment motion, arguing that he is entitled to judgment as a matter of law on "[a]ll of [Compton's] claims" because they are all "based, in one way or another, on allegedly negligent dental services."

---

[3] *See id.* §§ 17.45(5) (Vernon 2011), 17.50(a)(3).

[4] *See id.* § 17.46(b)(13).

[5] *See id.* § 17.46(b)(5).

[6] *See id.* § 17.46(b)(7).

[7] *See id.* § 17.46(b)(22).

6

Further, "[b]ecause all of [her] asserted causes of action [are], at their core, health care liability claims," they are barred by the two-year limitations period governing health care liability claims.[8] The treatment about which Compton complained occurred no later than December 17, 2012; limitations expired on December 17, 2014; and Compton did not file her lawsuit until March 3, 2015. Dr. Jue further asserted that Compton had failed to provide the required medical authorization necessary to toll limitations.[9] And he attached to his motion a copy of Compton's petition, his own affidavit, and Compton's notices of claims and authorization.

In her response to Dr. Jue's motion, Compton argued that she timely filed her health care liability claims on March 3, 2015 because she did not discover her injuries until March 6, 2013. She further argued that a genuine issue of material fact precluded summary judgment because the reasonableness of when she discovered her injury must be determined by the trial court. She did not attach any evidence to her response.

The trial court, without specifying the grounds, granted Dr. Jue's matter-of-law summary-judgment motion on all of Compton's claims.

**Standard of Review**

---

[8] TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2011) (governing limitations for health care liability claims).

[9] *See id.* §§ 74.051(a), (c) (Vernon 2011), 74.052 (Vernon Supp. 2016) (governing tolling of limitations and medical authorization).

7

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a matter-of-law summary-judgment motion, the movant must establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a defendant moves for a matter-of-law summary judgment, it must either: (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Once the movant meets its burden, the burden shifts to the non-movant to

8

raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded factfinders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## Recasting Claims

In her second issue, Compton argues that the trial court erred in granting Dr. Jue summary judgment on her claims for violations of the DTPA, promissory estoppel, lack of informed consent, medical battery, and negligence because they are independent from her dental malpractice claim and were not impermissibly recast to avoid the limitations period governing health care liability claims.

Whether a claim is a health care liability claim is a question of law that is reviewed de novo. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005); *Hunsucker v. Fustok*, 238 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A health care liability claim is defined as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. . . .

9

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13) (Vernon Supp. 2016). "A cause of action alleges a departure from accepted standards of medical care or health care if the act or omission complained of is an inseparable part of the rendition of medical services." *Diversicare*, 185 S.W.3d at 848.

It is well settled that a health care liability claim cannot be recast as another cause of action to avoid the requirements governing health care liability claims. *Id.* at 851; *see also* TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (Vernon 2011 & Supp. 2016) (governing health care liability claims); *Hunsucker*, 238 S.W.3d at 426 ("It is well established that a claimant cannot escape the Legislature's statutory scheme by artful pleading."). To determine whether a plaintiff has tried to recast a health care liability claim as another cause of action, we examine the underlying nature of the cause of action, rather than the manner in which it is pleaded. *Yamada v. Friend*, 335 S.W.3d 192, 197 (Tex. 2010); *Diversicare*, 185 S.W.3d at 847. We focus on the essence of the claims and consider the alleged wrongful conduct and the duties allegedly breached. *Diversicare*, 185 S.W.3d at 851; *Tex. Cypress Creek Hosp., L.P. v. Hickman*, 329 S.W.3d 209, 214 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Dr. Jue, in his summary-judgment motion, directed the trial court to a copy of Compton's petition and argued that "[a]ll of [Compton's] theories of recovery other than negligence constitute attempts to recast a health care liability claim as a

10

different cause of action, simply calling it by a different name, in order to avoid the application of the two year statute of limitations applicable to health care liability claims." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2011). He asserted that a "claim for ill-fitting dentures is a health[]care liability claim governed by [chapter 74]." *See Walden v. Jeffrey*, 907 S.W.2d 446, 448 (Tex. 1995).

In *Walden*, a patient sued her dentist for breach of implied warranty and violations of the DTPA, alleging that the dentist had failed to provide properly fitting dentures. *Id.* at 447. The patient did not allege that the dentist was marketing dentures apart from his profession of dentistry. *Id.* at 448. Rather, she alleged that the dentist, "in his professional capacity," provided her with dentures in the course of his consultation with her and "services for dentures." *Id.* The supreme court held that the patient's claims for ill-fitting dentures constituted health care liability claims because providing dentures is inseparable from the provision of professional dental services. *Id.* at 448.

In *Gormley v. Stover*, the supreme court upheld a trial court's grant of summary judgment based on a limitations defense, holding that a patient's claim that her dentist had misrepresented his ability to perform a recommended surgical procedure and the likely results of such a procedure constituted a health care liability claim. 907 S.W.2d 448, 450 (Tex. 1995). The court reasoned that the essence of the

11

alleged misrepresentations was that the dentist's selection of procedures and performance deviated from the established standard of care. *Id.*

Here, the essence of Compton's DTPA claims is that Dr. Jue, in the course of providing dental services to her in his professional capacity as a dentist, failed to provide her with properly fitting dentures and failed to recognize or failed to inform her of the ill-fitting dentures. Compton's DTPA claims constitute health care liability claims because Dr. Jue's provision of dentures to her is inseparable from his provision of dental services to her. *See Walden*, 907 S.W.2d at 448. Further, the essence of Compton's claims is that Dr. Jue's selection of procedures and performance deviated from the established standard of care. *See Gormley*, 907 S.W.2d at 450.

In her promissory estoppel claim, Compton alleged that Dr. Jue "made a promise to perform dental services at an acceptable level of care" and she relied to her detriment on his promise to "care for her properly as a medically licensed professional." Compton's promissory estoppel claim constitutes a health care liability claim because the essence of her claim is an alleged departure from an accepted standard of medical care. *See Diversicare*, 185 S.W.3d at 848.

In her claims for lack of informed consent and medical battery, Compton again alleged that she was harmed by Dr. Jue's performance of dental implant surgery. Compton's claims constitute health care liability claims because she

12

complains about the provision of professional dental services. *See Walden*, 907 S.W.2d at 448.

In her negligence claim, Compton merely restated her allegation in her medical malpractice claim that Dr. Jue breached his duties as a healthcare professional in failing to properly place dentures in her mouth.

In sum, the essence of each of Compton's claims for violations of the DTPA, promissory estoppel, lack of informed consent, medical battery, and negligence is that Dr. Jue failed to properly perform dental surgery, properly fit her mouth with dentures, and recognize an ill fit and inform her accordingly. *See Walden*, 907 S.W.2d at 448; *see also Diversicare*, 185 S.W.3d at 851; *Hickman*, 329 S.W.3d at 214. Because Compton complains of acts and omissions that either constitute a departure from the standard of care or an inseparable part of Dr. Jue's performance of professional services as a dentist, we conclude that her claims are health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13); *Diversicare*, 185 S.W.3d at 848. Thus, Compton's claims are subject to the limitations period governing health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001, 74.251; *Diversicare*, 185 S.W.3d at 848. And she does not challenge the trial court's summary judgment insofar as it was granted on Dr. Jue's limitations

defense.[10]  Accordingly, we hold that the trial court did not err in granting Dr. Jue summary judgment on Compton's claims for violations of the DTPA, promissory estoppel, lack of informed consent, medical battery, and negligence.

We overrule Compton's second issue.

## Fraud and Breach of Warranty

In a portion of her first issue, Compton argues that the trial court erred in granting Dr. Jue summary judgment on her fraud and breach-of-warranty claims because he "does not address them" in his summary-judgment motion.

The purpose of a summary judgment is to provide a "method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011) (internal quotations omitted).  Summary judgments may be granted, however, only upon grounds expressly presented in the motion.  *See id*.; *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993); *see also* TEX. R. CIV. P. 166a(c) (motion for summary judgment must "state the specific grounds therefor").  Generally, granting a summary judgment on a claim not addressed in the summary-judgment motion or granting more relief than a party requests constitutes

---

[10]  Compton, in her appellant's brief, does not complain that the trial court erred in granting Dr. Jue summary judgment on the ground that her health care liability claims are barred by limitations.  Further, in her reply brief, she expressly states that Dr. Jue's limitations defense is "not at issue in this appeal."

14

reversible error. *See Magee*, 347 S.W.3d at 297; *Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997). A court of appeals "should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error." *Magee*, 347 S.W.3d at 298; *see also Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002).

There is, however, a limited exception to the rule that granting a summary judgment on a claim not addressed in the summary-judgment motion constitutes reversible error. *Magee*, 347 S.W.3d at 297. A summary judgment may be affirmed where a summary-judgment motion omits one or more of multiple causes of action if the omitted ground is "intertwined with, and precluded by, a ground addressed in the motion." *Id.*; *see also Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487–88 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (unaddressed claim mere reiteration of claim on which movant had already shown itself entitled to summary judgment); *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 435–36 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (summary judgment may be deemed to cover additional causes of action under appropriate fact situations). "Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, . . . the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Magee*, 347 S.W.3d at 297–98 (citing *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38

15

(Tex. App.—Texarkana 1999, pet. denied) (affirming summary judgment on cause of action not specifically addressed in movant's motion where reversing summary judgment would be meaningless because omitted cause of action precluded as matter of law)); *see also* TEX. R. APP. P. 44.1(a).

Although Dr. Jue, in his summary-judgment motion, did not specifically list Compton's fraud or breach-of-warranty claims, he argued that he was entitled to summary judgment on "[a]ll of [Compton's] claims" because they are all "based, in one way or another, on allegedly negligent dental services." He argued that "[b]ecause all of [Compton's] asserted causes of action are, at their core, health care liability claims, they are all governed by . . . [section] 74.251(a) and, therefore, are time barred." Again, Compton does not challenge the trial court's summary judgment in favor of Dr. Jue on his limitations defense.

Compton's fraud claim is based on her allegation that Dr. Jue misrepresented "that her teeth had been repaired when, in fact, they were still damaged." To prevail on her claim, Compton would be required to challenge Dr. Jue's professional judgment and appropriate follow-up procedures as falling below the accepted standard of medical care. *See Diversicare*, 185 S.W.3d at 847–48; *see also Key v. Viera*, No. 01-07-00587-CV, 2009 WL 350602, at *7–8 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (fraud claims recast as health care liability claims). Thus, her claim constitutes a health care liability claim.

In regard to her breach-of-warranty claim, Compton, in her petition, asserted that Dr. Jue "held himself out" as having "expertise, knowledge and skill in dentistry," including "oral examinations and dental surgery," and he "breached the warranty that any service work would be performed in a good and workmanlike manner," pursuant to section 17.50(a)(2) of the DTPA. Compton's claim constitutes a health care liability claim because it is expressly predicated on an alleged departure from the accepted standards of medical care. *See Diversicare*, 185 S.W.3d at 848; *Walden*, 907 S.W.2d at 448.

Although Compton argues that her fraud and breach-of-warranty claims are not health care liability claims because "they do not require proof of negligence," we look to the underlying nature of her claims and are not bound by the form of pleading when determining whether a cause of action constitutes a health care liability claim under chapter 74. *See Diversicare*, 185 S.W.3d at 847; *Key*, 2009 WL 350602, at *8 (fraud and breach-of-warranty claims constituted health care liability claims). In *Walden*, the plaintiff argued that the health care liability act did not apply to her claim that her dentist had knowingly misrepresented that he would provide her with properly fitting dentures because her claim was not "resulting, or alleged to have resulted, from negligence." 907 S.W.2d at 447. The court concluded that the plaintiff's allegation that the dentist had provided ill-fitting dentures "cannot be

17

anything other than that he was negligent." *Id.* at 447–48. It held that the plaintiff had "simply recast her negligence claim as a DTPA claim." *Id.* at 448.

We conclude that Compton's fraud and breach-of-warranty claims, like her other claims discussed above, constitute health care liability claims. Thus, they are subject to the limitations period governing health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001, 74.251; *Diversicare*, 185 S.W.3d at 848. Again, Compton does not challenge the trial court's summary judgment in favor of Dr. Jue on his limitations defense.

Accordingly, we hold that the trial court did not err in granting Dr. Jue summary judgment on Compton's fraud and breach-of-warranty claims.

We overrule the portion of Compton's first issue in which she complains that the trial court erred in granting summary judgment on her fraud and breach-of-warranty claims.

**Essential Elements of Claims**

In the remainder of her first issue, Compton argues that the trial court erred in granting Dr. Jue summary judgment on all of her claims because he, in his summary-judgment motion, failed to specifically address the essential elements of each of her claims. Again, when a defendant moves for a matter-of-law summary judgment, he must either: (1) disprove at least one essential element of the plaintiff's cause of action *or* (2) plead and conclusively establish each essential element of an

18

affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey*, 900 S.W.2d at 341; *Siegler*, 899 S.W.2d at 197; *Lujan*, 433 S.W.3d at 704. Here, Dr. Jue moved for summary judgment on his affirmative defense of limitations, not on any of the essential elements of Compton's causes of action.

We overrule the remainder of Compton's first issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.